**COUNTS 98 - 102:** **Title 18, United States Code, Section 1512 -**
**Witness Tampering**

131.  The United States re-alleges and incorporates by
reference the allegations set forth in paragraphs 1 through 26.

132.  On or about the dates listed below, in the District of
Massachusetts and elsewhere, the defendants listed below, did
knowingly corruptly persuade another person, and attempt to do
so, with the intent to cause and induce said person to withhold
testimony, and withhold a record, document and other object from
a grand jury investigation expected to be initiated soon, and
with the intent to impair the object's integrity and availability
for use in said grand jury investigation, by causing said person
to engage in the following conduct:

| Count | Defendants | Obstructive Conduct and Date |
|---|---|---|
| 98 | **RAYMOND ASSELIN, SR.** | caused defendant RAYMOND ASSELIN, JR. to secrete approximately $240,000.00 in cash in his residence at 40 Santa Maria Street, Springfield, MA on or about the summer, 2002 |
| 99 | **ARTHUR SOTIRION** | caused a SHA employee to download the employee's computer hard drive onto computer discs, erase the contents of the employee's computer hard drive, and then attempted to have the SHA employee secrete the computer discs at the employee's residence on or about 08/00/02 |

121

| 100 | **JAMES ASSELIN** | caused and attempted to cause defendant RAYMOND ASSELIN, JR. and his wife to go through their home and throw away anything that may be linked to the Springfield Housing Authority on or about 08/20/02 |
| 101 | **RAYMOND ASSELIN, SR.** | caused the administrator of the Section 8 program to destroy a list containing names of residents housed improperly and names of individuals who had requested housing assistance on their behalf on or about 09/00/02 |
| 102 | **RAYMOND ASSELIN, SR.** | attempted to cause a SHA employee to withhold testimony by telling this SHA employee in substance that if the ship goes down, we all go down on or about 09/00/02 |

All in violation of Title 18, United States Code, Section 1512(b)(2)(A) and (B).

## COUNTS 103 - 107:    Title 18, United States Code, Section 1503 - Obstruction of Justice

133. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 26.

134. On or about the dates listed below, in the District of Massachusetts and elsewhere, the defendants listed below, did corruptly influence, obstruct and impede, and endeavor to influence, obstruct and impede, the due administration of justice by engaging in the following conduct:

| Count | Defendants | Obstructive Conduct and Date |
|---|---|---|
| 103 | RAYMOND ASSELIN, SR. RAYMOND ASSELIN, JR. MARIA SERRAZINA | attempted to conceal approximately $240,000.00 in cash by moving the cash from the residence of defendant RAYMOND ASSELIN, JR., 40 Santa Maria Street, Springfield, MA to the residence of defendant MARIA SERRAZINA, 140 Sallie Circle, Ludlow, MA in or about the summer, 2002 |
| 104 | RAYMOND ASSELIN, JR. | shredded documents that defendant RAYMOND ASSELIN, JR. believed linked himself or his residence to the Springfield Housing Authority on or about 08/08/02 |
| 105 | RAYMOND ASSELIN, SR. JANET ASSELIN | counseled a witness subpoenaed by the grand jury regarding false testimony to provide the grand jury in the event that the witness appeared before the grand jury on or about 08/21/02 |
| 106 | JANET ASSELIN | destroyed a list containing the names of individuals who had provided cash contributions to the campaigns of defendant CHRISTOPHER ASSELIN on or about 09/00/02 |

123

| 107 | **PETER DAVIS** | falsely told special agents of the Federal Bureau of Investigation that he had not paid for any home improvements for any members of the Asselin family on or about 04/10/03 |

All in violation of Title 18, United States Code, Section 1503.

124

<u>COUNTS 108 - 112</u>:   **Title 26, United States Code, Section 7206(1)**
**- Filing False Income Tax Returns**

135. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 35.

136. On or about the following dates listed below, in the District of Massachusetts,

**RAYMOND ASSELIN, SR.**
**and**
**JANET ASSELIN,**

defendants herein, did willfully make and subscribe the following U.S. Individual Income Tax Returns, Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service Center at Andover, Massachusetts, which said income tax returns defendants RAYMOND ASSELIN, SR. and JANET ASSELIN did not believe to be true and correct as to every material matter in the following manner:

| <u>Count</u> | <u>Defendants</u> | <u>False Material Statement and Date</u> |
|---|---|---|
| 108 | **RAYMOND ASSELIN, SR.** **JANET ASSELIN** | 1998 U.S. Individual Income Tax Return, Form 1040, filed on or about April 15, 1999, in that defendant RAYMOND ASSELIN, SR. and JANET ASSELIN then and there well knew and believed that said return did not report additional income received from one or more of the following sources:  bribes, stolen vending machine quarters, goods and/or services paid by Springfield Housing Authority, and income from the rental of 56 Stage Island Road, Chatham, MA. |

125

| 109 | **RAYMOND ASSELIN, SR. JANET ASSELIN** | 1999 U.S. Individual Income Tax Return, Form 1040, filed on or about April 15, 2000, in that defendant RAYMOND ASSELIN, SR. and JANET ASSELIN then and there well knew and believed that said return did not report additional income received from at least one of the following sources:  bribes, stolen vending machine quarters, goods and/or services paid by Springfield Housing Authority, and income from the rental of 56 Stage Island Road, Chatham, MA. |
|-----|----------------------------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 110 | **RAYMOND ASSELIN, SR. JANET ASSELIN** | 2000 U.S. Individual Income Tax Return, Form 1040, filed on or about April 15, 2001, in that defendant RAYMOND ASSELIN, SR. and JANET ASSELIN then and there well knew and believed that said return did not report additional income received from at least one of the following sources:  bribes, stolen vending machine quarters, goods and/or services paid by Springfield Housing Authority, and income from the rental of 56 Stage Island Road, Chatham, MA. |
| 111 | **RAYMOND ASSELIN, SR. JANET ASSELIN** | 2001 U.S. Individual Income Tax Return, Form 1040, filed on or about April 15, 2002, in that defendant RAYMOND ASSELIN, SR. and JANET ASSELIN then and there well knew and believed that said return did not report additional income received from at least one of the following sources:  bribes, stolen vending machine quarters, goods and/or services paid by Springfield Housing Authority, and income from the rental of 56 Stage Island Road, Chatham, MA. |

126

| 112 | **RAYMOND ASSELIN, SR. JANET ASSELIN** | 2002 U.S. Individual Income Tax Return, Form 1040, filed on or about April 15, 2003, in that defendant RAYMOND ASSELIN, SR. and JANET ASSELIN then and there well knew and believed that said return did not report additional income received from at least one of the following sources: bribes, stolen vending machine quarters, goods and/or services paid by Springfield Housing Authority, and income from the rental of 56 Stage Island Road, Chatham, MA. |

All in violation of Title 26, United States Code, Section 7206(1).

127

**COUNTS 113 - 117:   Title 26, United States Code, Section 7206(1)
                    - Filing False Income Tax Returns**

137. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 35.

138. On or about the following dates listed below, in the District of Massachusetts,

**ARTHUR SOTIRION,**

defendant herein, did willfully make and subscribe the following U.S. Individual Income Tax Returns, Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service Center at Andover, Massachusetts, which said income tax returns defendant ARTHUR SOTIRION did not believe to be true and correct as to every material matter in the following manner:

| Count | Defendant | False Material Statement and Date |
|-------|-----------|-----------------------------------|
| 113 | **ARTHUR SOTIRION** | 1998 U.S. Individual Income Tax Return, Form 1040, filed on or about April 15, 1999, in that defendant ARTHUR SOTIRION then and there well knew and believed that said return did not report additional income received from bribes, stolen vending machine quarters, and goods and/or services paid by Springfield Housing Authority. |

128

| 114 | **ARTHUR SOTIRION** | 1999 U.S. Individual Income Tax Return, Form 1040, filed on or about April 15, 2000, in that defendant ARTHUR SOTIRION then and there well knew and believed that said return did not report additional income received from bribes, stolen vending machine quarters, and goods and/or services paid by Springfield Housing Authority. |
|-----|---------------------|---|
| 115 | **ARTHUR SOTIRION** | 2000 U.S. Individual Income Tax Return, Form 1040, filed on or about April 15, 2001, in that defendant ARTHUR SOTIRION then and there well knew and believed that said return did not report additional income received from bribes, stolen vending machine quarters, and goods and/or services paid by Springfield Housing Authority. |
| 116 | **ARTHUR SOTIRION** | 2001 U.S. Individual Income Tax Return, Form 1040, filed on or about April 15, 2002, in that defendant ARTHUR SORITION then and there well knew and believed that said return did not report additional income received from bribes, stolen vending machine quarters, and goods and/or services paid by Springfield Housing Authority. |
| 117 | **ARTHUR SOTIRION** | 2002 U.S. Individual Income Tax Return, Form 1040, filed on or about April 15, 2003, in that defendant ARTHUR SOTIRION then and there well knew and believed that said return did not report additional income received from bribes, stolen vending machine quarters, and goods and/or services paid by Springfield Housing Authority. |

All in violation of Title 26, United States Code, Section
7206(1).

**COUNTS 118 - 122:**   **Title 26, United States Code, Section 7206(1)**
**- Filing False Income Tax Returns**

139. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 35.

140. On or about the following dates listed below, in the District of Massachusetts,

**PAUL BANNICK,**

defendant herein, did willfully make and subscribe the following U.S. Individual Income Tax Returns, Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service Center at Andover, Massachusetts, which said income tax returns defendant PAUL BANNICK did not believe to be true and correct as to every material matter in the following manner:

| Count | Defendant | False Material Statement and Date |
|-------|-----------|-----------------------------------|
| 118 | **PAUL BANNICK** | 1998 U.S. Individual Income Tax Return, Form 1040, filed on or about April 15, 1999, in that defendant PAUL BANNICK then and there well knew and believed that said return did not report additional income received from the Springfield Housing Authority. |
| 119 | **PAUL BANNICK** | 1999 U.S. Individual Income Tax Return, Form 1040, filed on or about April 15, 2000, in that defendant PAUL BANNICK then and there well knew and believed that said return did not report additional income received from the Springfield Housing Authority. |

| 120 | **PAUL BANNICK** | 2000 U.S. Individual Income Tax Return, Form 1040, filed on or about April 15, 2001, in that defendant PAUL BANNICK then and there well knew and believed that said return did not report additional income received from the Springfield Housing Authority. |
| 121 | **PAUL BANNICK** | 2001 U.S. Individual Income Tax Return, Form 1040, filed on or about April 15, 2002, in that defendant PAUL BANNICK then and there well knew and believed that said return did not report additional income received from the Springfield Housing Authority. |
| 122 | **PAUL BANNICK** | 2002 U.S. Individual Income Tax Return, Form 1040, filed on or about April 15, 2003, in that defendant PAUL BANNICK then and there well knew and believed that said return did not report additional income received from the Springfield Housing Authority. |

All in violation of Title 26, United States Code, Section 7206(1).

132

**<u>CRIMINAL FORFEITURE ALLEGATION</u> -- RACKETEERING (18 U.S.C. §1963)**

The Grand Jury further charges that:

141. Pursuant to Title 18, United States Code, Section 1963(a), each defendant who is convicted of the offenses set forth in Counts 1 and 2 shall forfeit to the United States the following property:

      (a)    Any interest acquired or maintained in violation of Section 1962;

      (b)    Any interest in, security of, claim against, or property or contractual rights of any kind affording a source of influence over the enterprise described in Counts One and Two which was established, operated, controlled and conducted in violation of Title 18, United States Code, Section 1962;

      (c)    Any property constituting or derived from proceeds obtained directly and indirectly from racketeering activity in violation of Title 18, United States Code, Section 1962;

      (d)    A sum of money equal to the total value of the property described in subparagraphs (a) through (c). If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount subject to forfeiture under this paragraph.

142. The property subject to forfeiture includes, but is not limited to, at least $5,000,000.00. This property includes, but is not limited to, the following:

      a.    G & R Associates, Inc. checks as identified in Racketeering Acts 1a/1b through 75a/75b;

      b.    Manny's Plumbing & Heating, Inc. payments, checks and free labor and materials as identified in Racketeering Acts 76a/76b through 100a/100b;

c.    P.J. Richfield, Inc. checks as identified in Racketeering Acts 101a/101b/101c/101d through 113a/113b/113c/113d;

d.    Valley Floor Covering, Inc. free labor and materials as identified in Racketeering Acts 114a/114b/114c/114d through 121a/121b/121c/121d;

e.    Cash payments and free gifts by Paul Bannick as identified in Racketeering Acts 122a/122b/122c/122d through 133a/133b/133c/133d;

f.    Oak Pond Farms, Inc. checks, a personal check, and Fleet Bank Cashier's Check Nos. 20794638 and 2079564 for $14,000.00 from William Pappas as identified in Racketeering Acts 134a/134b through 138a/138b;

g.    M & D Remodeling checks as identified in Racketeering Acts 139a/139b through 143a/143b;

h.    Cash payments at least once a month and checks from The Ware Group and Hilltop Construction, Inc. as identified in Racketeering Acts 144a/144b through 150a/150b;

i.    Cash payments from a salesman for a window company as identified in Racketeering Acts 151a/151b through 153a/153b;

j.    Free labor and materials from a local electrical contractor as identified in Racketeering Acts 154 through 157;

k.    Checks from a local printing company as identified in Racketeering Acts 158 through 161;

l.    Property obtained by fraud from the Springfield Housing Authority, including, but not limited to employee time and Springfield Housing Authority's property right to honest services, as referenced in Racketeering Acts 162 through 240;

m.    The value of Springfield Housing Authority's property right to the honest services of its employees, including, but not limited, to the value of the wages of its Executive Director and its Assistant Executive Director of Maintenance

134

from at least 1988 through April, 2003;

n.     real property and buildings located at 518 Old Farm Road, Amherst, MA;

o.     $240,000.00 in cash located in a briefcase seized from 140 Sallie Circle, Ludlow, MA;

p.     $47,000.00 in cash removed from the briefcase found at 140 Sallie Circle, Ludlow, MA;

q.     $3,650.00 in cash seized from 115 Mayfair Avenue, Springfield, MA;

r.     2002 BMW 325CiC, VIN WBABS3344JY59363; and,

s.     twenty-three foot Chaparral 235SSi boat.

143. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants –

A.     Cannot be located upon the exercise of due diligence;

B.     Has been transferred or sold to, or deposited with, a third person;

C.     Has been placed beyond the jurisdiction of the court;

D.     Has been substantially diminished in value; or

E.     Has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the said defendants up to the value of the forfeitable property including, but not limited to, the following:

135

a.    real property and buildings located at 115 Mayfair Avenue, Springfield, MA;

b.    real property and buildings located at 56 Stage Island Road, Chatham, MA;

c.    real property and buildings located at 811 Dickinson Street, Springfield, MA;

d.    real property and buildings located at 48 Webber Street, Springfield, MA;

e.    real property and buildings located at 16 Dwight Road, Springfield, MA;

f.    real property and buildings located at 40 Santa Maria Street, Springfield, MA;

g.    the net value of CHI Insurance Agency, Inc.;

h.    real property and buildings located at 140 Sallie Circle, Ludlow, MA;

i.    real property and buildings located at 184 Bowles Park Extension, Springfield, MA;

j.    lots of land situated on Little Diamond Island, in Cumberland County, Portland, ME; and

k.    time share in Aruba held by Arthur Sotirion.

All in accordance with Title 18, United States Code, Section 1963, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

136

**<u>CRIMINAL FORFEITURE ALLEGATION (BRIBERY)</u>: (18 U.S.C. §981(a)(1)(C), 28 U.S.C. §2461)**

The Grand Jury further charges that:

144. As a result of committing the offenses alleged in Counts 4 through 84 of this indictment, bribery and receipt of illegal gratuity, in violation of 18 U.S.C. §201, the defendants herein, if convicted, shall forfeit to the United States, pursuant to 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. §2461, any and all property constituting or derived from any proceeds traceable to the violations.

145. Such property includes, but is not limited to, the following:

      a.    G & R Associates, Inc. checks as identified in Counts 4 through 48;

      b.    Manny's Plumbing & Heating, Inc. payments, checks and free labor and materials as identified in Counts 49 through 65;

      c.    Valley Floor Covering, Inc. free labor and materials as identified in Counts 66 through 69;

      d.    Cash payments and free gifts by Paul Bannick as identified in Counts 70 through 73;

      e.    Fleet Bank Cashier's Check Nos. 20794638 and 2079564 for $14,000.00 as identified in Count 74;

      f.    M & D Remodeling checks as identified in Counts 75 through 79;

      g.    Cash payments approximately once a week by Frank Ware as identified in Counts 80 through 82;

      h.    Hilltop Construction, Inc. checks as identified in Counts 83 through 84;

137

    i.     real property and buildings located at 518 Old
            Farm Road, Amherst, MA;

    j.     $240,000.00 in cash located in a briefcase seized
            from 140 Sallie Circle, Ludlow, MA;

    k.     $47,000.00 in cash removed from the briefcase
            found at 140 Sallie Circle, Ludlow, MA;

    l.     $3,650.00 in cash seized from 115 Mayfair Avenue,
            Springfield, MA; and,

    m.     twenty-three foot Chaparral 235SSi boat.

146. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due
             diligence;

    (b)    has been transferred or sold to, or deposited
             with, a third party;

    (c)    has been placed beyond the jurisdiction of the
             Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which
             cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. §853(p), as incorporated by 28 U.S.C. §2461(c), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.  Such property includes, but is not limited to:

    a.     real property and buildings located at 115 Mayfair
            Avenue, Springfield, MA;

    b.     real property and buildings located at 56 Stage
            Island Road, Chatham, MA;

138

c.   real property and buildings located at 811 Dickinson Street, Springfield, MA;

d.   real property and buildings located at 48 Webber Street, Springfield, MA;

e.   real property and buildings located at 16 Dwight Road, Springfield, MA;

f.   real property and buildings located at 40 Santa Maria Street, Springfield, MA;

g.   the net value of CHI Insurance Agency, Inc.;

h.   real property and buildings located at 140 Sallie Circle, Ludlow, MA;

i.   real property and buildings located at 184 Bowles Park Extension, Springfield, MA;

j.   2002 BMW 325CiC, VIN WBABS3344JY59363;

k.   lots of land situated on Little Diamond Island, in Cumberland County, Portland, ME; and

l.   time share in Aruba held by Arthur Sotirion.

All in accordance with Title 18, United States Code, Sections §981(a)(1)(C) and 28 U.S.C. §2461 and Rule 32.2(a), Federal Rules of Criminal Procedure.

139

**CRIMINAL FORFEITURE ALLEGATION -- MONEY LAUNDERING (18 U.S.C. 982(a)(1))**

The Grand Jury further charges that:

147. Pursuant to Title 18, United States Code, Section 982(a)(1), each defendant who is convicted of the offense set forth in Count 97 shall forfeit to the United States the following property:

    a.    All right, title, and interest in any and all property involved in the offense in violation of Title 18, United States Code, Section 1957, for which the defendant is convicted, and all property traceable to such property, including the following:

    1)    a 2002 BMW 325CiC, VIN WBABS3344JY59363; and,

    2)    all property used in any manner or part to commit or to facilitate the commission of those violations.

    b.    A sum of money equal to the total amount of money involved in the offense for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

148. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section

140