UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR-N-04-30033-MAP |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOHN SPANO | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S MOTION TO CONTINUE SENTENCING,
WITH THE ASSENT OF DEFENSE COUNSEL**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Steven H. Breslow, Assistant United States Attorney, hereby files this Motion To Continue Sentencing, With The Assent Of Defense Counsel.

1. The defendant John Spano is currently scheduled to be sentenced by this Court on December 7, 2006.

2. On November 28, 2006, the defendant filed a Sentencing Memorandum and Motion for Downward Departure, claiming in part that the defendant's kidney disease merited a non-guidelines sentence. In support of his claim, the defendant provided approximately several hundred pages of medical records as well as the summary reports of three of his treating physicians.

3. "Physical condition . . . is not ordinarily relevant in determining whether a sentence should be outside the applicable

guideline range." U.S.S.G. § 5H1.4. As a result, departures based on physical condition are discouraged. United States v. Martin, 363 F.3d 25, 49 (1st Cir. 2004). However, "'an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range.'" Id. (quoting U.S.S.G. § 5H1.4). In the First Circuit, courts may find such an extraordinary impairment "when imprisonment would threaten or short a defendant's life or when the Bureau of Prisons would be unable to adequately meet the defendant's medical needs." Id. The First Circuit has required the BOP to specifically address a defendant's particular medical situation, rather than describing generally its medical capacities. Id.

4. On December 5, 2006, the government forwarded the defendant's medical records to the appropriate personnel at the Bureau of Prisons (the "BOP"), so that the BOP could evaluate whether the defendant could be adequately treated for his medical condition. The BOP requires approximately three weeks to review the records and make its particularized assessment.

5. The government respectfully moves the Court to continue the defendant's sentence until approximately December 28, 2006 to permit the BOP to determine whether the defendant could be adequately treated for his medical condition.

6. On December 5, 2006, I spoke with counsel for the defendant, who assented to this motion.

Filed this 5th day of December, 2006.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
>
> ___/s/ Steven H. Breslow_____
> STEVEN H. BRESLOW
> Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                              Springfield, Massachusetts
                                          December 5, 2006


    I, Steven H. Breslow, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by electronically filing said motion to:

Thomas John Rooke, Esq.
73 Chestnut Street
Springfield, MA 01103
Counsel for defendant John Spano


                                              /s/ Steven H. Breslow
                                            STEVEN H. BRESLOW
                                            Assistant United States Attorney